# EXHIBIT A

## SCR CIV FORM 1-A
### Notice and Acknowledgment for Service by Mail
### SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

Karen Feld,

*Plaintiff*

V.

Civil Action Number

Kenneth Feld, Trustee of the Israel Feld Tru[

*Defendant*

## NOTICE

To.    Name  Kenneth Feld

Address   *9609 Halter Court*

*Potomac, MD.  20854-4723*

The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

You must sign and date the Acknowledgement. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be taken against you or the relief demanded in the complaint.

This Notice and Acknowledgment of Receipt of  Summons, Complaint and Initial Order was mailed on

(insert date)   *March 4, 2009*

Signature                                              *3-4-2009*
                                                       Date  of Signature

### Acknowledgment of Receipt of Summons, Complaint and Initial Order

I received a copy of the summons, complaint and initial order in the above captioned matter at

(address)

Signature                          Relationship to Defedant/Authority        Date of Signature
                                   *To Receive  Service*

Form CV(6)-1590/Mar 97

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

Karen Feld

*Plaintiff*

vs.

Kenneth Feld, Trustee of the Israel Feld Trust

*Defendant*

Civil Action No.  0000772-09

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Steven Gremminger, Esq.

Name of Plaintiff's Attorney

5335 Wisconsin Avenue, N.W., Suite 440

Address

Washington, D.C. 20015

(202) 885-5526

Telephone

*Clerk of the Court*

By

Deputy Clerk

Date 2-7-09

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(0)-456/Mar. 98

**NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

KAREN FELD,
   1698 32ⁿᵈ St., N.W.
   Washington, D.C. 20007

        Plaintiff,

        v.

KENNETH FELD,
   371 Channelside Walkway
   Tampa, Florida 33602,
   Trustee of the Israel Feld Trust,

        Defendant.

0000772-09

Case No. _____



RECEIVED
Civil Clerk's Office

FEB 0 7 2009

Superior Court of the
District of Columbia
Washington, D.C.

## COMPLAINT

    Plaintiff Karen Feld, by and through her undersigned counsel, alleges the following:

### NATURE OF THE ACTION

   1.  This case arises out of the Defendant Kenneth Feld's actions as Trustee in his administration of the Israel S. Feld Testamentary Trust ( the "Trust"), a District of Columbia family trust with assets currently valued by Kenneth Feld's representatives at over $5 million.  The parties to this action are siblings and are the sole living beneficiaries of the Trust.

   2.  Defendant has breached his fiduciary and other common law and statutory duties as Trustee of the Trust. He has, inter alia, neglected or refused to carry out his Trust reporting obligations to Plaintiff and has failed to maximize growth and value of the Trust assets and related interest distributions to the detriment of the Trust.  The Defendant has thwarted the successor Designee under the Trust from carrying out his

duties such that Defendant has unlawfully usurped all Trust financial decisions for himself in contravention of the Trust. The Defendant has failed and refused to provide Plaintiff basic information that he is required to provide as her fiduciary, such as an accounting of trust assets and information concerning her annual distribution. Finally, the Trustee has caused bodily harm to her, the only other beneficiary of the Trust (besides himself). He is not an appropriate person to serve as the Trustee of the Trust.

3. In addition to monetary damages, Plaintiff seeks the immediate and permanent removal of Defendant as Trustee and the appointment of a neutral and objective fiduciary to oversee administration of the Trust assets and the distribution of income and principal as required under the Trust.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to District of Columbia Code §§ 11-921 and 19-1302.01.

5. This Court has personal jurisdiction over the Defendant pursuant to District of Columbia Code §§ 19-1302.02 and 13-423, because, inter alia, pursuant to District of Columbia Code § 47-1809.1, the Trust is a District of Columbia Trust primarily administered in the District of Columbia by the Defendant, at least until the death of co-beneficiary and co-Trustee, Shirley Feld; the Defendant regularly does business in the District of Columbia, including mailing checks to the Plaintiff in the District of Columbia; the Defendant is the legal Executor of the Estate of Shirley Feld, which Estate is administered through this Court and the will of Shirley Feld is being probated in this Court; the Defendant has accepted the trusteeship of the Trust; and the Defendant had his

agents cause the Plaintiff tortious injury to Plaintiff within the District of Columbia,
during the Shiva for her deceased Aunt, Shirley Feld.

6.   Venue is proper in this Court because the Plaintiff resides in the District of
Columbia and the controversy involves Defendant's conduct within the District of
Columbia.

## PARTIES

7.   Plaintiff Karen Feld is a resident of the District of Columbia, and is a Beneficiary
of the Trust.

8.   Defendant Kenneth Feld resides in Maryland and in Florida.   Mr. Feld is the
Trustee and is also a Beneficiary of the Trust.

9.   The Trust is a District of Columbia resident trust pursuant to District of Columbia
Code § 47-1809.1, because Israel S. Feld was domiciled in the District of Columbia at the
time of his death.

## FACTS

10. The Trust was created by the Last Will and Testament of Israel S. Feld (See Israel
S. Feld's Last Will and First Codicil, attached hereto as Exhibit 1 and incorporated
herein.)  The Last Will and Testament was probated in the District of Columbia.

11. Plaintiff and Defendant are siblings and are the only living beneficiaries of the
Trust.

12. Plaintiff has made repeated informal and formal demands for an accounting from
the Trust.  Despite repeated demands for an accounting of trust assets, the Trustee to date
has refused to provide the requested accounting to the Plaintiff.

- 3 -

13. The Guaranty Agreement is a written contract, executed in the District of Columbia, which was agreed to between the Plaintiff and the Defendant in 1985 after their father died in 1984. The Guaranty Agreement provides in pertinent part that the Defendant, as Trustee of the Israel Feld Trust, will advise the Plaintiff in writing each year the amount that he has paid to himself from the Israel Feld Trust. Despite repeated formal demands by Plaintiff to Defendant for the Statements, the Statements have never been provided to Plaintiff by the Defendant.

14. Plaintiff depends on her annual distribution from the Trust for her living expenses. She recently wrote to the Defendant's attorney, Philip Michael of Fulbright & Jaworski LLP, requesting information concerning the amount of her 2008 distribution. Fulbright & Jaworski has not provided the requested information.

15. Plaintiff has had extreme medical expenses in the past year, in part due to a craniotomy and resection of a brain tumor that was discovered following the assault that the Defendant caused in September 2007, and in part due to other medical issues resulting from the assault, including severe damage to her left knee and loss of right visual field. Her representatives have advised the Defendant that as a result of extraordinary expenses associated with these medical conditions Plaintiff requires a supplemental distribution from the Trust. The Defendant has failed and refused to invade the Trust to increase the distribution of Trust assets to her.

16. According to the express terms of the Trust, the Designee has authority to make distributions of net income and all or part of the principal to the beneficiaries at such times and in such amounts as the Designee in his discretion determines.

17. Israel Feld's Last Will and Testament named a successor Designee under the Trust. Plaintiff requested through her counsel from Trustee's attorneys in January 2008 information concerning the Designee's contact information, which was never provided. Subsequently, Plaintiff has learned that Defendant purported to terminate the Designee, never informed him about his succession to the role of Designee, and impeded his ability to act in this role up to and including the the date of this Complaint. The successor Designee was a long-time officer of Feld Entertainment, Inc., of which Defendant is CEO, and Defendant used his position to thwart the successor Designee from performing his duties as Designee.

18. Defendant usurped and ignored the Designee's authority under the Trust, and the Defendant himself has made all discretionary monetary distribution decisions under the Trust—despite a conflict between his dual role as Trustee and beneficiary, and in contravention of the manifest intent of the Trust that monetary decisions and distributions be made by an independent, disinterested third party Designee. Defendant's actions have been to the detriment of the Plaintiff and Plaintiff's interests.

19. Plaintiff was deliberately and brutally assaulted by Defendant's agents in September 2007, at a family Shiva following the death and funeral of her dear aunt Shirley Feld (a co-beneficiary and a co-Trustee of the Trust). Plaintiff has filed suit against her brother Kenneth Feld and his company, Feld Entertainment, Inc., in United States District Court for the District of Columbia seeking damages in the amount of $100 million as well as other relief.

20. Defendant's conflict between his personal and fiduciary interests renders him unable to lawfully discharge his duties as the Trustee. He has failed to maintain

communication with Plaintiff as beneficiary of the Trust, and he has repeatedly and frequently interfered in her professional, personal, and financial opportunities.

21. Since Shirley Feld's death in September 2007, Defendant has failed to provide adequate or any information to Plaintiff regarding the handling of Shirley Feld's share of the Trust, nor has Plaintiff received adequate or any information necessary to ascertain whether she has received an appropriate increase in her beneficiary distribution since the death of Shirley Feld.

22. Defendant's children are the remaindermen of the Trust. As Trustee, Defendant has failed to maximize growth and value of the Trust assets, to the financial detriment of Plaintiff. He has failed to exercise skill, reasonable care and caution in relation to the Trust, and as a result the Trust principal and the income generated by the Trust assets is less than what it should be if Defendant properly exercised his fiduciary role to maximize the value of the Trust for the fiduciaries, including the Plaintiff.

23. Defendant breached the express terms of the Guaranty Agreement he entered into with Plaintiff, a copy of which is attached hereto as Exhibit 2. By that Agreement Defendant promised to annually disclose in Statements to Plaintiff the amount of money he pays himself from the Trust. Despite repeated formal and informal demands therefor, Defendant has wholly failed to provide the information that he is required to provide under the terms of the Guaranty Agreement.

## COUNT I: BREACH OF FIDUCIARY DUTY

24. Plaintiff incorporates the allegations of paragraphs 1-23 as if fully set forth herein.

25. Defendant has, despite demand therefor, wholly failed to provide basic financial information to Plaintiff. He has failed and refused to provide an annual accounting for

the assets of the Trust. He has failed and refused to provide the Statements required by the Guaranty Agreement. He has ignored her request for basic information such as the projected amount of her annual distribution from the Trust. He has failed and refused to provide to Plaintiff any distribution from the principal of the Trust, notwithstanding her serious medical condition and recent life-threatening surgery.

26. Defendant has usurped, frustrated, and negated the Designee's role under the terms of the Trust, in breach of his fiduciary duty and as a result has caused harm to the Plaintiff.

27. Defendant has failed to try to maximize the growth of the trust assets, to the detriment of the Plaintiff.

28. Defendant has acted with malice toward Plaintiff, causing her physical, emotional, professional and financial harm.

29. Plaintiff's animus towards his sister is so great that of itself it conflicts with his duty to her as Trustee.

30. As a result of Defendant's repeated breach of his fiduciary duties, Plaintiff Karen Feld has, upon information and belief, not received all of the distributions of income and/or principal to which she is entitled from the Trust; she has suffered physical and emotional harm; and has suffered monetary damages in an amount at minimum at least equal to half the value of the Trust assets, which half share is (according to the Trustee's representatives) estimated to be about $2.5 million.

## COUNT II: BREACH OF CONTRACT

31. Plaintiff incorporates the allegations of paragraphs 1-30 of the Complaint as if fully set forth herein.

32. The Guaranty Agreement between Plaintiff and Defendant required the Defendant to provide an annual Statement setting forth the amounts paid to himself as beneficiary from the Trust for each year since execution of the Guaranty Agreement.

33. Despite demand for the information by Plaintiff, and in breach of the Agreement, Defendant failed to provide the required records to plaintiff.

34. As a result of Defendant's breach, on information and belief Plaintiff has not received all of the required information and records relating to the Trust in compliance with the Guaranty Agreement.  He has failed to meet his commitments to her under the Guaranty Agreement, causing her harm.

## COUNT III: BREACH OF TRUST

35. Plaintiff incorporates the allegations of paragraphs 1-34 of the Complaint as if fully set forth herein.

36. Defendant has accepted the trusteeship of the Trust, which has its principal place of administration in the District of Columbia.

37. Although Defendant has asserted that he principally administers the trust in the State of Maryland, Defendant's failure to provide the Plaintiff notice of the proposed transfer of the Trust's principal place of administration from the District of Columbia as is required by District of Columbia Code § 19-1301.08(d) renders the transfer ineffective. Had Defendant provided the Plaintiff with the required notice, Plaintiff would have objected to transfer of the Trust's principal place of administration pursuant to District of Columbia Code § 19-1301.08(e).

38. Defendant's acts and omissions described in this Complaint violate his duty to administer the Trust in good faith, in accordance with its terms and purposes, and in the

- 8 -

interest of the Plaintiff as Beneficiary pursuant to District of Columbia Code § 19-1308.01.

39. Defendant's is adversely affected by a conflict of interest between his fiduciary and personal interests, and Defendant's acts and omissions violate his duty of loyalty to the Plaintiff pursuant to District of Columbia Code § 19-1308.02.

40. Defendant's acts and omissions described in this Complaint violate his duty of impartiality pursuant to District of Columbia Code § 19-1308.03.

41. Defendant has failed to exercise reasonable care, skill, and caution in the administration of the Trust, pursuant to District of Columbia Code § 19-1308.04.

42. Defendant's acts and omissions described in this Complaint violate his duties of recordkeeping and identification of Trust property, pursuant to District of Columbia Code § 19-1308.10.

43. Defendant's acts and omissions described in this complaint violate his duty to inform and report to the Plaintiff pursuant to District of Columbia Code § 19-1308.10.

## **REMEDIES**

Wherefore, Plaintiff respectfully prays that the Court enter judgment in her favor and against the Defendant on all counts complained herein, and that it grant the following relief:

1. That the Court promptly enjoin and remove Defendant as Trustee of the Trust during the pendency of this case to prevent further harm to the Trust and to Plaintiff, and that a special fiduciary be appointed as Trustee pursuant to District of Columbia Code §§ 19-1310.01(b)(6) and (7);

2. That the Court order the Trustee to provide a separate accounting of the Trust for each year for the calendar years ended December 31, 2004 through December 31, 2008, pursuant to District of Columbia Code § 19-1310.01(b)(4);

3. That the Court order the Trustee to provide the Statements required by the Guaranty Agreement forthwith;

4. That the Court award compensatory damages in an amount equal to ½ the value of the Trust assets, pursuant to District of Columbia Code § 19-1310.01(b)(3), and punitive damages in a like amount to Plaintiff and against Defendant for his breach of fiduciary duties as Trustee of the Trust;

5. That the Court remove the Defendant as Trustee pursuant to District of Columbia Code § 19-1307.06, and appoint a neutral third party Designee to make all decisions regarding the distribution of income and principal under the Trust;

6. Or in the alternative, that the Court dissolve and distribute the assets of the Trust to the beneficiaries in equal shares;

7. That the Court deny or reduce compensation to the Defendant as Trustee of the Trust;

8. That Defendant be required to account for Shirley Feld's portion of the Trust distribution since her death in 2007, and pay Plaintiff her increased share of the Trust as a result of Shirley's death;

9. That Defendant be required to reimburse the Trust for all attorney's fees expended using Trust funds to defend this case, and that he be ordered to pay his attorney's fees and costs personally rather than from Trust assets;

10. That Plaintiff be awarded reasonable attorney's fees and costs, to be paid by the Defendant personally and without reimbursement by or charge to Trust assets pursuant to District of Columbia Code § 19-1310.04;

11. That Plaintiff be awarded pre-judgment and post-judgment interest on her damages; and,

12. That the Court grant such other and further relief as it deems appropriate in the premises.

## JURY DEMAND

Plaintiff demands a jury trial for all issues so triable.

February 7, 2009                                   Respectfully submitted,


Steven Gremminger, Esquire
D.C. Bar No. 353821
5335 Wisconsin Ave., N.W.. Ste. 440
Washington, D.C. 20015
(202) 885-5526 (office)
(301) 767-7909 (fax)
steve@gremmingerlawfirm.com


Steven M. Oster, Esquire
D.C Bar No. 376030
One Farragut Square South
1634 I Street, N.W., Suite 400
Washington, DC 20036
(703) 577-8785 (office)
(202) 747-5862 (fax)
steve@osterlawfirm.com

Counsel to Plaintiff Karen Feld

- 11 -

:/ ISF
LNV
PJR
RT

2801

I, ISRAEL S. FELD, presently residing at 4501-
New Mexico
Connecticut Avenue, N. W., Washington, D. C., being of sound
and disposing mind, memory and understanding, and considering
the uncertainty of this life, do hereby make, publish and
declare this as and for my Last Will and Testament, hereby
revoking any and all former Wills or Codicils to Wills by me
at any time made.

FIRST:  I direct my Executors to pay all my just
debts, funeral expenses, and expenses of administering my
estate as soon after my death as shall be practicable and to
pay out of and charge generally against subdivision B(2) of
Article THIRD, if sufficient therefor, and if not and to
the extent of any insufficiency subdivision B(1) of Article
THIRD, as expenses of administration without apportionment
and without reimbursement or contribution from any person,
all estate transfer, inheritance, succession, or other death
taxes which may be payable under any law of the United States
or of any State thereof, or of any other governmental entity,
upon or in respect of any property passing under this Will or
any Codicil thereto, or any other property, of whatever na-
ture, passing outside of this Will or any Codicil thereto.

SECOND:  I give and bequeath all the tangible per-
sonal property which I shall own at my death, including per-
sonal effects such as clothing and jewelry, furniture and
furnishings, books, pictures, silverware and flatware, linens

and china to my beloved wife, SHIRLEY H. FELD ("SHIRLEY"),
if she shall survive me.

THIRD:  I direct that all the rest, residue and
remainder of my estate of whatsoever name, nature, and de-
scription and wheresoever situated, including lapsed and/or
void legacies, if any, and including any property over which
I may have a Power of Appointment or disposition at my death,
all of which is referred to in this, my Will, as my "residu-
ary estate", shall be disposed of as follows:

A.  (1)  If my wife, SHIRLEY, shall survive
me, I give, devise and bequeath to her absolutely a fraction-
al share of my residuary estate which fraction shall be de-
termined as follows:

(a)  The numerator of said frac-
tion shall be the maximum marital deduction
allowable to my estate for Federal estate tax
purposes less the total value, as finally de-
termined for such tax purposes, of all inter-
ests in property which qualify for said mar-
ital deduction and which pass or have passed
to my said wife under the provisions of this
Will other than this Article THIRD, or
outside of this Will, either at my death,
or at any time during my life.

(b)  The denominator of
said fraction shall be the value of
my residuary estate as finally deter-
mined for Federal estate tax purposes.

In ascertaining "residuary estate" for either of the purposes
above described in this subdivision A(1), no deduction shall
be made for any estate, inheritance, transfer, legacy, suc-
cession or other death taxes, nor shall any deduction be

- 2 -

taken for any debts and funeral and administration expenses which shall not be taken or allowed as deductions for Federal estate tax purposes.

(2)  My Executors shall have the sole power and the sole discretion to satisfy the bequests provided in subdivision A(1) of this Article THIRD wholly or partially in cash or kind and to select the assets which will constitute said bequest.

In all events, there shall be used in constituting said bequest only the assets or the proceeds of assets with respect to which a marital deduction would be allowable for Federal estate tax purposes if such assets passed from me to my said wife, and anything in this my Will to the contrary notwithstanding, my Executors shall value any such assets at their value as of the date of and distribution thereof.

(3)  Any decision made by my Executors, in the exercise of any selection given to them under the provisions of the United States Internal Revenue Code shall be conclusive and binding upon all persons interested in my estate.

B.  If my wife, SHIRLEY, shall survive me I give and bequeath that portion of my residuary estate not bequeathed to my wife by the provisions of subdivision A(1)

of this Article THIRD or my entire residuary estate if my wife, SHIRLEY, shall predecease me as follows:

(1)  I give and bequeath the following pecuniary legacies:

(a)  If my mother, JENNIE FELD, survives me, I give and bequeath to my Trustees, hereinafter named, the sum of One Hundred Thousand Dollars ($100,000), in trust nevertheless, to invest and reinvest and to pay from the income and principal thereof One Hundred Dollars ($100) per week to her so long as she survives. Any income in excess thereof shall be accumulated and added to the principal of the trust.

(i)  I authorize my Trustees to pay over to my mother, at any time and from time to time, such part or parts or the whole of said trust fund free from the operation of said trust as my Trustees may determine.

(ii)  Upon the death of my mother ("termination time") the principal and accumulated income, if any, shall be disposed of as provided in paragraph B(2) of this Article THIRD.

(b)  If my mother-in-law, CELYA ROBINSON, survives me, I give and bequeath to my Trustees, hereinafter named, the sum of One Hundred Thousand Dollars ($100,000), in trust nevertheless, to invest

- 4 -

and reinvest and to pay from the income and principal thereof One Hundred Dollars ($100) per week to my mother-in-law so long as she survives.  Any income in excess thereof shall be accumulated and added to the principal of the trust.

(i)  I authorize my Trustees to pay over to my mother-in-law, at any time and from time to time, such part or parts or the whole of said trust fund free from the operation of said trust as my Trustees may determine.

(ii)  Upon the death of my mother-in-law ("termination time") the principal and accumulated income, if any, shall be disposed of as provided in subdivision B(2) of this Article THIRD.

(c)  (i)  If my sister, DORIS GOLDSTEIN, survives me I give and bequeath to her the sum of Five Thousand Dollars ($5,000).

(ii)  If my sister, FANNIE FELD, survives me I give and bequeath to her the sum of Five Thousand Dollars ($5,000).

(2)  The balance, if any, after satisfying the legacies contained in the foregoing paragraphs B(1)(a) to B(1)(c) including the principal and accumulated income, if any, remaining after the

- 5 -

termination time of each of the trusts established
under subdivisions (a) and (b) of B(1) of this Article
THIRD hereof I give, devise and bequeath to my Trustees
hereinafter named, in trust nevertheless, to collect the
dividends, rents, issues and income therefrom and, after
the payment of all charges and expenses in connection
therewith, to dispose of the net income and principal
as follows:

(a)  If my wife, SHIRLEY, shall survive me, to
distribute the net income among a class consisting of
my wife and the issue, per capita, of my brother,
IRVIN A. FELD, and such of them or anyone of them
all in such amounts or proportions, and at such times
and from time to time as my Designee, hereinafter
named, shall determine.  Any part of the net income
during any calendar year which my Designee shall not
have disposed of as in the previous sentence provided,
or the disposition of which my Designee shall not
have determined prior to the end of such calendar
year, shall be accumulated and added to the principal
of the trust.

(i)  I authorize my Designee to pay over
to my wife, or the issue, per capita, of my
brother, IRVIN A. FELD, and such of them or

- 6 -

any one of them, at any time and from time to time, such part or parts or the whole of the principal of said trust fund free from the operation of said trust as my Designee in his discretion may determine.

(b)  If my wife, SHIRLEY, shall predecease me then upon my death or if she shall survive me then upon her death I direct that such property be divided into a sufficient number of equal parts or shares to make one equal part or share for each child of my brother, IRVIN A. FELD, who then survives and one equal part or share collectively for the issue then surviving of each child of my brother, IRVIN A. FELD, who is then deceased, each part or share set aside for the then surviving issue of deceased children of his to be subdivided, per stirpes, among the then surviving issue of each such deceased child.  One of such parts or shares, or the subdivision thereof, shall be retained by my Trustees in a separate trust for each of the then surviving children of my brother, IRVIN A. FELD, or then surviving issue, per stirpes, of deceased children, individually hereinafter referred to as "beneficiary", to be disposed of as follows:

1.  The net income from each part or share,

- 7 -

or the subdivision thereof, set aside for a benefi-
ciary shall be distributed among the beneficiary for
whom such part or share, or the subdivision thereof was
so set aside, and the issue of such beneficiary or such
of them, all in such amounts or proportions, at such
times and from time to time as my Designee, herein-
after named, shall determine.  Any part of the net
income during any calendar year which my Designee
shall not have disposed of as in the previous sen-
tence provided, or the disposition of which my
Designee shall not have determined prior to the
end of such calendar year shall be accumulated and
added to the principal of the trust so set aside for
the beneficiary.

2.   I authorize my Designee to pay over
to the beneficiary for whom such part or share, or
the subdivision thereof was so set aside, and the issue
of such beneficiary or such of them, at any time and
from time to time, such part or parts or the whole of
the principal of the trust fund so set aside for the
beneficiary free from the operation of said trust as my
Designee in his discretion may determine.

3.   Upon the death of the last survivor of issue
of my brother, IRVIN A. FELD, who were born at the time
of my death, or upon the death of the beneficiary,

- 8 -

whichever event shall first occur, the remaining
principal and accumulated income, if any, of the trust
so set aside for the beneficiary shall be distributed
to such beneficiary if the beneficiary then survives,
or if the beneficiary is then deceased among the issue
of such beneficiary, and in the case of my nephew,
KENNETH FELD, his widow, in such amounts or proportions
and in such manner, and either absolutely or subject to
and upon such lawful trusts, terms and conditions and
powers, as the beneficiary shall appoint by his or her
Last Will and Testament; and in default of such valid
appointment, in whole or in part, then the remaining
principal and accumulated income of the trust shall be
distributed to the then surviving issue, per stirpes,
of the beneficiary and in default of such issue to the
then surviving issue, per stirpes, of my brother, IRVIN
A. FELD.  I direct that any distribution to any of the
issue of my brother, IRVIN A. FELD, for whom there shall
then be a trust in existence as provided in this
Article THIRD of my Will shall be added to such trust
and held by my Trustees subject to the terms and con-
ditions thereof.

4.  If at any time there shall be no person or
persons entitled to the principal of the trusts created
hereunder, I direct that the principal of the trust
estates herein created shall be distributed among the
persons who, according to the laws of the District of

Columbia then governing distribution of personal property, would be entitled thereto if I had then died the owner of the trust estates and intestate with respect thereto and a resident of the District of Columbia and in such manner, amounts and proportions as provided by those laws.

FOURTH:  I nominate my wife, SHIRLEY H. FELD, my brother, IRVIN A. FELD, or the survivor of them, as my Executors and Trustees.

I direct that none of my Executors and Trustees shall be required to furnish any bond or other security in any jurisdiction for the performance of his or her duties as such Executor or Trustee.

If at any time there be more than two Executors and Trustees qualified and acting under this Will the acts or decisions of such Executors or Trustees shall be deemed the acts of all of them and shall be binding upon all of them and upon the persons interested directly or contingently in my estate.  No Executor or Trustee shall be liable or accountable for any act or acts of any Co-Executor or Co-Trustee.

The term "Designee" as used in this my Last Will and Testament shall mean and refer to my brother,

- 10 -

IRVIN A. FELD, or his successor as Trustee as hereinafter provided.

I hereby authorize the survivor of my wife, SHIRLEY H. FELD, and my brother, IRVIN A. FELD, to appoint a successor Executor and Trustee to act in the event of his or her inability, for any reason, to act as Executor and Trustee with the same rights and powers as if originally named herein, and such successor or successors shall similarly be authorized to appoint a successor or successors to act in the event of their inability to act hereunder.  Such appointment shall be made by written instrument signed and acknowledged by the Executor or Trustee making such appointment and may be revoked at any time before the appointment becomes operative.

I nominate my brother, IRVIN A. FELD, as my Designee.  I hereby authorize my brother, IRVIN A. FELD, to appoint a successor Designee to act in the event of his inability, for any reason, to act as Designee with the same rights and powers as if originally named herein, and such successor or successors shall similarly be authorized to appoint a successor or successors to act in the event of their inability to act hereunder.  In the event that no designation is made by my brother then I nominate ROBERT THRUN to act as my Designee with the same right to appoint a successor as

- 11 -

delegated to my brother in the previous sentence.  Any such
designation shall be made by written instrument signed and
acknowledged by the Designee making such appointment and may
be revoked at any time before the appointment becomes
operative.

I direct that neither my Executors
nor my Trustees, nor their successors, so long as they
act in good faith, shall be personally responsible for any
act or omission in regard to the performance of their
duties hereunder.

FIFTH:  In addition to and not in limitation of
the powers elsewhere herein granted, or those conferred by
law, I give and grant to any Executor acting hereunder with
respect to my estate and any Trustee acting hereunder with
respect to any trust created hereby, and with respect to any
property, real or personal, held by either, without obtain-
ing prior authority from any court, the following powers:

(a)  With respect to any such property
(except any specifically bequeathed or devised),
to sell publicly or privately, exchange and grant
options therefor, to partition, convey or mort-
gage the same at such prices and upon such terms
as deemed advisable; to repair, improve, develop
or abandon any such property; to modify, extend,
renew or replace any mortgage which may be a lien
thereon; to lease the same for any period of time,
even in excess of ten years, and extending beyond
the term of office of any fiduciary and the termin-
ation of any interest hereunder;

- 12 -

(b)   To retain any such property (except any specifically bequeathed or devised), and to invest and reinvest the same (including accumulations of income) in real or personal property of any class, kind or character and to acquire any such property by the exercise of any rights to convert, exchange, purchase, or subscribe therefor, without regard to any restrictions of law on fiduciaries' investments;

(c)   To enforce or foreclose any obligations, security or mortgages held hereunder; to bid on or purchase any such property; and to take title by deed in lieu of foreclosure or otherwise;

(d)   To participate in or to oppose any reorganization, recapitalization, consolidation, merger or other action which may affect any securities or obligations held hereunder; and, in connection therewith, to deposit any such property with any committee therefor and to pay a proportionate part of the expenses of such committee and any assessments levied; to advance money to any person, organization or corporation the securities or obligations of which are held hereunder, for the purpose of maintaining or increasing the value of such securities or obligations;

(e)   To employ and to fix the compensation of custodians, accountants, experts, legal and investment counsel and such other agents as shall be deemed advisable and to delegate discretionary powers to and rely upon information or advice furnished by such agents;

(f)   To borrow money for any purpose deemed beneficial and from any source and to pledge any property held hereunder to secure the repayment thereof;

(g)   To make any payment or distribution hereunder in cash or in property or partly in each and to use and allot any property (except any specifically bequeathed or devised), such use and allocation to be conclusive against all persons interested hereunder;

(h)   To exercise any and all rights, powers and privileges not specifically mentioned herein which might or could be exercised by one owning such property absolutely and in his own right, and in connection therewith to enter into such contracts and execute such instruments as may be deemed advisable;

(i)  With respect to any legacy payable to a minor, any payments of principal or income applicable to the use of a minor or any tangible personal property bequeathed to a minor, to make any such payment or to deliver any such tangible personal property in the discretion of the fiduciary either to the guardian of such minor legally appointed in any jurisdiction or to the parent or person with whom such minor resides, or by applying any such payments directly for the benefit of such minor and the receipt of such guardian, parent or person shall be a complete discharge for any such payment or delivery.

SIXTH:  (A)  If my wife, SHIRLEY, and I shall die simultaneously or under circumstances which make it difficult or impossible to determine who predeceased the other, then I direct that the terms and provisions of this, my Will, shall be construed as though my said wife had survived me and that my estate shall be administered and distributed in all respects accordingly.

(B)  If any beneficiary named or referred to in this Will, other than my wife, SHIRLEY, and I shall die simultaneously or under circumstances which make it difficult or impossible to determine who predeceased the other, then I direct that the terms and provisions of this, my Will, shall be construed as though I had survived such other beneficiary and that my estate shall be administered and distributed in all respects accordingly.

IN WITNESS WHEREOF, I have hereunto set my hand

- 14 -

and seal this    5   day of     Oct.   , in the year One

Thousand Nine Hundred and Seventy-two.

s/ Israel S. Feld        (L.S.)

SUBSCRIBED and SEALED by
the Testator in our presence
and at the same time by him
to us PUBLISHED and DECLARED
as and for his Last Will and
Testament, and thereupon we,
at his request and in his
presence and in the presence
of each other, have hereunto
subscribed our names as wit-
nesses, this   5th   day of
   October   , in the year
One Thousand Nine Hundred and
Seventy-two.

s/ Peter J. Repetti        residing at  80 Falmouth Street

Short Hills, N. J.

s/ Robert Thrun        residing at  Finney Farm Road

Croton-on-Hudson, N.Y.

s/ Lita N. Venuto        residing at  2913 17th St., N.E.

Wash. D. C.

- 15 -

I, ISRAEL S. FELD, being of sound and disposing mind, memory and understanding, do hereby make, publish and declare this to be the First Codicil to my Last Will and Testament dated the 5th day of October, 1972.

FIRST:  I hereby revoke subparagraph B(2)(b) of Article THIRD of my Last Will and Testament and substitute in lieu thereof the following:

"If at any time there shall be no person or persons entitled to the principal of the trusts created hereunder, I direct that the principal of the trust estates herein created shall be distributed to my brother, IRVIN A. FELD, if he then survives, and if he is then deceased then to GREATER WASHINGTON JEWISH COMMUNITY FOUNDATION."

SECOND:  I hereby revoke Article FOURTH of my Last Will and Testament and substitute in lieu thereof the following:

"FOURTH:  I nominate my wife, SHIRLEY A. FELD, and my brother, IRVIN A. FELD, as my Executors and Trustees, and my nephew, KENNETH FELD, as successor to either of them who may be unable to act for any reason, with the survivor of them to act as sole Executor and Trustee.

"I direct that none of my Executors, Trustees and Designees and their respective successors shall be required to furnish any bond or

s/ ISF
AJB

other security in any jurisdiction for the per-
formance of his or her duties as such Executor or
Trustee.

"If at any time there be more than two
Executors and Trustees qualified and acting under
this Will the acts or decisions of such Executors
or Trustees shall be deemed the acts of all of them
and shall be binding upon all of them and upon the
persons interested directly or contingently in my
estate.  No Executor or Trustee shall be liable or
accountable for any act or acts of any Co-Executor
or Co-Trustee.

"I hereby authorize my wife, SHIRLEY
H. FELD, my brother, IRVIN A. FELD, and my nephew,
KENNETH FELD (so long as they are qualified and
acting as Executors or Trustees), jointly or the
survivor of them singly, to appoint a successor
Executor and Trustee to act in the event of the
inability, for any reason, of the survivor of them
to act as Executor and Trustee with the same rights
and powers as if originally named herein, and such
successor or successors shall similarly be authorized
to appoint a successor or successors to act in the
event of their inability to act hereunder.  Such
appointment shall be made by written instrument

s/ ISF
AJB

- 2 -

signed and acknowledged by the Executor or Trustee making such appointment and may be revoked at any time before the appointment becomes operative, including the revocation by the survivor of them of a designation jointly made.

"In the event that no designation is made by them then I nominate ROBERT THRUN and CHARLES F. SMITH, in the order named, to act as Executor and Trustee hereunder with the same right in the survivor of them to appoint a successor or successors as delegated to my wife, my brother and my nephew in the previous paragraph.

"I nominate my brother, IRVIN A. FELD, as my Designee.  I hereby authorize my brother, IRVIN A. FELD, to appoint a successor Designee to act in the event of his inability, for any reason, to act as Designee with the same rights and powers as if originally named herein, and such successor or successors shall similarly be authorized to appoint a successor or successors to act in the event of their inability to act hereunder.  In the event that no designation is made by them then I nominate ROBERT THRUN and CHARLES F. SMITH, in the order named, to act as my Designee with the same right in the survivor of them to appoint a successor as delegated to my brother in the previous

s/ ISF
AJB

- 3 -

sentence.  Any such designation shall be made by
written instrument signed and acknowledged by
the Designee making such appointment and may be
revoked at any time before the appointment be-
comes operative.

       "I direct that my Executors, my Trustees,
and my Designees and their successors, so long as
they act in good faith, shall not be personally
responsible for any act or omission in regard to
the performance of their duties hereunder and I
direct that the commissions paid to any Executor
or Trustee acting hereunder shall not exceed
two and one-half per cent (2-1/2%) of the principal
and income of the estates which they administer."

    THIRD:  I do hereby ratify and confirm each and
every provision of my Last Will and Testament of October 5,
1972.

     IN WITNESS WHEREOF, I have hereunto set my hand
and seal this   8th   day of   November   , 1972.

s / AJB
   AB
   SG

                   s/ Israel S. Feld

               _____(L,S.)

SIGNED, SEALED, PUBLISHED and
DECLARED by the Testator above
named as and for the First
Codicil to his Last Will and

- 4 -

Testament, in the presence of us,
who, at his request and in his
presence, and in the presence of
each other, have hereunto sub-
scribed our names as attesting
witnesses this   8    day of
November   , 1972.


s/ Allan J. Bloom          residing at 9901 Meriden Rd.

                                       Potomac Maryland

s/ Arnold I. Bramor        residing at 8622 Hempstead Ave.

                                       Bethesda, Md.

s/ Steven Gottlieb         residing at 45 Fifth Ave.

                                       New York, N. Y. 1003

s/ AJB
   ISF
   AB

- 5 -

GUARANTY AGREEMENT

WHEREAS, a trust was created under Article THIRD B(2) of the last will and testament of Israel S. Feld, a copy of which is annexed hereto, marked Exhibit A, and made a part hereof; and

WHEREAS, Kenneth Feld is a co-trustee of said trust; and

WHEREAS, the income of said trust is distributable among Shirley Feld, and the issue _per capita_ of Irvin A. Feld, who are Karen Feld and Kenneth Feld, in such amounts or proportions as determined by the Designee of said trust who is Charles F. Smith; and

WHEREAS, Karen Feld has received annual distributions from said trust and she has relied on such distributions for a substantial portion of her financial support and she is dependent on the continuation of such distributions for a significant portion of her future financial support; and

WHEREAS, Karen Feld has expressed to Kenneth Feld her concern that due to future circumstances which are not foreseeable at present a time might come when distributions from said trust to her cease or become diminished in amount

to such a degree that her financial independence is threatened; and

WHEREAS, Kenneth Feld is willing to give Karen Feld certain assurances in order to assuage her concerns.

NOW, THEREFORE, subject to the limitations hereinafter set forth, the undersigned, Kenneth Feld, does hereby promise and guarantee to Karen Feld that:

(a)  Should Karen Feld receive from the Israel S. Feld Trust distributions of income of said trust in respect to any fiscal year of the trust commencing with the fiscal year beginning July 1, 1985, which amount in the aggregate to less than the aggregate distributions received by the undersigned, Kenneth Feld, from said trust in respect to such fiscal year then the undersigned will transfer and pay over to Karen Feld such amount as is equal to one-half of the difference between the aggregate distributions thus received by Karen Feld and the aggregate distributions thus received by Kenneth Feld in respect to such fiscal year of the trust; and

(b)  Should Karen Feld receive distributions of income from the Israel S. Feld Trust, and/or payments from Kenneth Feld under paragraph (a) hereof, in respect to any fiscal year of the trust commencing with the fiscal year beginning July 1, 1985, which amount in the aggregate to less than $30,000, then the undersigned will transfer and pay over

-2-

to Karen Feld such amount as is equal to the difference between $30,000 and the aggregate of the aforesaid distributions and/or payments in respect to such fiscal year (any such difference shall be referred to as the deficit).

The promise and guarantee set forth as (b) above is subject to the limitation that to the extent there are distributions from the Israel S. Feld Trust and/or payments from Kenneth Feld to Karen Feld in any fiscal year beginning on or after July 1, 1985, which exceed $30,000, such excess distributions and/or payments shall be credited against any deficit in respect to a later fiscal year or years of the trust. This provision shall not be applied retroactively so as to reduce a deficit in respect to a prior fiscal year by an excess in a subsequent fiscal year.

The promises and guarantees set forth in (a) and (b) above are to be considered as related but separate and independent promises and guarantees.

Within 90 days after the close of each fiscal year of the Israel Feld Trust, Kenneth Feld shall furnish to Karen Feld a statement setting forth the amount received by him from the Israel Feld Trust in respect to the fiscal year then ended. In addition Kenneth Feld agrees to furnish Karen Feld with a copy of each Schedule K-1 (1041) which he receives from the Israel Feld Trust promptly after his receipt of the same.

-3-

If Kenneth Feld is required to make any payment by reason of the terms of this guarantee, such payment shall be made within thirty days after receipt of written notice that such payment is required to be made.

The guarantee set forth and given herein shall terminate upon the death of Shirley Feld, Kenneth Feld or Karen Feld, whichever shall first occur.

Nothing contained herein shall in any way be construed or applied to limit, diminish or be in substitution for the fiduciary obligations of Kenneth Feld or any other person serving in a fiduciary capacity with respect to the aforesaid testamentary trust.

 

Kenneth Feld

Witness

Witness

-4-

## GUARANTY AGREEMENT

WHEREAS, a trust was created under Article THIRD - B(2) of the last will and testament of Israel S. Feld, a copy of which is annexed hereto, marked Exhibit A, and made a part hereof; and

WHEREAS, Kenneth Feld is a co-trustee of said trust; and

WHEREAS, the income of said trust is distributable among Shirley Feld, and the issue per capita of Irvin A. Feld, who are Karen Feld and Kenneth Feld, in such amounts or proportions as determined by the Designee of said trust who is Charles F. Smith; and

WHEREAS, Karen Feld has received annual distributions from said trust and she has relied on such distributions for a substantial portion of her financial support and she is dependent on the continuation of such distributions for a significant portion of her future financial support; and

WHEREAS, Karen Feld has expressed to Kenneth Feld her concern that due to future circumstances which are not foreseeable at present a time might come when distributions from said trust to her cease or become diminished in amount

to such a degree that her financial independence is threatened; and

WHEREAS, Kenneth Feld is willing to give Karen Feld certain assurances in order to assuage her concerns.

NOW, THEREFORE, subject to the limitations hereinafter set forth, the undersigned, Kenneth Feld, does hereby promise and guarantee to Karen Feld that:

(a)   Should Karen Feld receive from the Israel S. Feld Trust distributions of income of said trust in respect to any fiscal year of the trust commencing with the fiscal year beginning July 1, 1985, which amount in the aggregate to less than the aggregate distributions received by the undersigned, Kenneth Feld, from said trust in respect to such fiscal year then the undersigned will transfer and pay over to Karen Feld such amount as is equal to one-half of the difference between the aggregate distributions thus received by Karen Feld and the aggregate distributions thus received by Kenneth Feld in respect to such fiscal year of the trust; and

(b)   Should Karen Feld receive distributions of income from the Israel S. Feld Trust, and/or payments from Kenneth Feld under paragraph (a) hereof, in respect to any fiscal year of the trust commencing with the fiscal year beginning July 1, 1985, which amount in the aggregate to less than $30,000, then the undersigned will transfer and pay over

-2-

to Karen Feld such amount as is equal to the difference between $30,000 and the aggregate of the aforesaid distributions and/or payments in respect to such fiscal year (any such difference shall be referred to as the deficit).

The promise and guarantee set forth as (b) above is subject to the limitation that to the extent there are distributions from the Israel S. Feld Trust and/or payments from Kenneth Feld to Karen Feld in any fiscal year beginning on or after July 1, 1985, which exceed $30,000, such excess distributions and/or payments shall be credited against any deficit in respect to a later fiscal year or years of the trust. This provision shall not be applied retroactively so as to reduce a deficit in respect to a prior fiscal year by an excess in a subsequent fiscal year.

The promises and guarantees set forth in (a) and (b) above are to be considered as related but separate and independent promises and guarantees.

Within 90 days after the close of each fiscal year of the Israel Feld Trust, Kenneth Feld shall furnish to Karen Feld a statement setting forth the amount received by him from the Israel Feld Trust in respect to the fiscal year then ended. In addition Kenneth Feld agrees to furnish Karen Feld with a copy of each Schedule K-1 (1041) which he receives from the Israel Feld Trust promptly after his receipt of the same.

-3-

If Kenneth Feld is required to make any payment by reason of the terms of this guarantee, such payment shall be made within thirty days after receipt of written notice that such payment is required to be made.

The guarantee set forth and given herein shall terminate upon the death of Shirley Feld, Kenneth Feld or Karen Feld, whichever shall first occur.

Nothing contained herein shall in any way be construed or applied to limit, diminish or be in substitution for the fiduciary obligations of Kenneth Feld or any other person serving in a fiduciary capacity with respect to the aforesaid testamentary trust.

_____
Kenneth Feld

_____
Witness

_____
Witness

-4-



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

KAREN FELD
   Vs.
KENNETH FELD

C.A. No.     2009 CA 000772 B

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge ANITA JOSEY-HERRING
Date:  February 7, 2009
Initial Conference: 9:30 am, Friday, May 22, 2009
Location:  Courtroom 415
        500 Indiana Avenue N.W.
        WASHINGTON, DC 20001

Caio.doc

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc

# ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc