UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOE JOHNSON,<br><br>**Plaintiff,**<br><br>v.<br><br>**METROPOLITAN DIRECT PROPERTY & CASUALTY INSURANCE COMPANY,** *et al.*,<br><br>**Defendants.** | Civil Action No. 18-1715 (JEB) |

## MEMORANDUM OPINION

Following a car accident on I-695 here in Washington, Plaintiff Joe Johnson filed a multi-count Complaint against the other individuals involved, their insurance company, and its claims adjuster. As relevant here, Defendants Metropolitan Direct Property & Casualty Insurance Company (MetLife) and its adjuster, Christian Hayman, first sought a more definite statement as to one count (defamation) and moved to dismiss another (civil conspiracy). The Court granted the former motion because the allegations were too vague. As to the latter, it gave Plaintiff a chance to cure the count's lacking detail instead of dismissing it outright. Johnson having amended his Complaint, Defendants return with the same two motions. This round now yields a different result. Finding that Plaintiff has complied with the Court's instruction to add specificity to his defamation claim but not his civil-conspiracy count, the Court will deny Defendants' Motion for More Definite Statement but grant their partial Motion to Dismiss.

**I.  Background**

Because the Court opined on similar motions less than three months ago, it will save its ink for this case's procedural history and point readers interested in the factual underpinnings to

1

its prior Opinion. See Johnson v. Metro. Direct Property & Casualty Insurance Co., No. 18-1715, 2018 WL 4964504 (D.D.C. Oct. 15, 2018). A cursory summary of the facts will do for now.

While stuck in traffic on the freeway last fall, Johnson contends that another car struck his. See ECF No. 33 (Second Amended Complaint) at 3. The offending vehicle was driven by Defendant Mark Johnson (no relation) and owned by Defendant Patricia Grimes, who was not present for the accident. Id. at 3, ¶ 7. Defendant Nneka Grimes, rather, sat in the vehicle's passenger seat. Id. at 3, ¶ 8. As Plaintiff recounts it, following the initial accident, Defendant Johnson physically assaulted him. Id. Defendants, however, told a very different story — in which Plaintiff was at fault — to their insurance carrier, who then appears to have passed this version of events on to Johnson's insurer. Id. at 4, ¶ 45.

It is these latter statements that serve as the focal point of the instant dispute. Plaintiff asserts a defamation claim against both the insurance carrier that covered Grimes's vehicle, MetLife, and its adjuster, Hayman. Id., ¶¶ 29–35 (Count IV). He similarly brings a civil-conspiracy claim against all Defendants, asserting that the alleged defamation was the result of concerted action. Id., ¶¶ 42–47 (Count VI). The remaining counts are pled solely against Defendants other than MetLife and Hayman.

These two Defendants first responded with a Motion for More Definite Statement as to the defamation claim, per Federal Rule of Civil Procedure 12(e). See ECF No. 11. The Court agreed that the Complaint lacked requisite detail and ordered Plaintiff to, at a minimum, "specifically allege the form of the statement — *e.g.*, email, letter, conversation" — at issue, should he choose to amend. Johnson, 2018 WL 4964504, at *3. It similarly directed Johnson to "state at least generally to whom the statement was published." Id.

2

At the same time, Defendants also moved to dismiss the civil-conspiracy count. See ECF No. 12. Although the Court agreed that this count, too, could not proceed as written, it gave "Plaintiff another opportunity to state this claim with more specificity to see if he can sufficiently allege an actual conspiracy." Johnson, 2018 WL 4964504, at *5.

Johnson took the Court up on its invitation and amended both counts. Undaunted by the first go-round, Defendants MetLife and Hayman (who, for purposes of this Opinion, the Court will refer to collectively as "MetLife") again file the same two Motions.

## II. Legal Standard

In evaluating Defendants' Motion to Dismiss, the Court "must treat the complaint's factual allegations as true . . . and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (quoting Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)); see also Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1253–54 (D.C. Cir. 2005). The Court need not accept as true, however, "a legal conclusion couched as a factual allegation," nor an inference unsupported by the facts set forth in the Complaint. See Trudeau v. FTC, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of an action where a complaint fails "to state a claim upon which relief can be granted." Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). For a plaintiff to survive a 12(b)(6) motion, the facts alleged in the complaint "must be enough to

3

raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007).

Rule 12(e) permits a defendant to move for a more definite statement if "a pleading . . . is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "[W]hen a defendant is unclear about the meaning of a particular allegation in the complaint, the proper course of action is not to move to dismiss but to move for a more definite statement." Hilska v. Jones, 217 F.R.D. 16, 21 (D.D.C. 2003) (quoting Am. Nurses' Ass'n v. Illinois, 783 F.2d 716, 725 (7th Cir. 1986)). "Normally, of course, the basis for requiring a more definite statement under Rule 12(e) is unintelligibility, not mere lack of detail." Thorp v. District of Columbia, 309 F.R.D. 88, 90 (D.D.C. 2015) (internal quotation marks and citations omitted). Indeed, "a plaintiff need not allege all the facts necessary to prove its claim so long as [he] provides enough factual information to make clear the substance of that claim." Wilson v. Gov't of D.C., 269 F.R.D. 8, 12 (D.D.C. 2010) (quoting Caribbean Broad. Sys., Ltd. v. Cable & Wireless PLC, 148 F.3d 1080, 1086 (D.C. Cir. 1998)).

### III. Analysis

Like the last time, the Court begins with Defendants' Motion for More Definite Statement as to Count IV (defamation), before turning to their Motion to Dismiss Count VI (civil conspiracy).

#### A. Motion for More Definite Statement

When the Court considered MetLife's prior request for a more definite statement, it found that Johnson's Complaint evinced "two signal omissions" that were "sufficient to warrant amendment" — namely, his allegation said nothing of the "form or forum in which [the allegedly defamatory] statements were published" and similarly lacked "any identification of the listener."

4

Johnson, 2018 WL 4964504, at *3.  The Court thus granted Defendants' request and gave Johnson the opportunity to amend his Complaint.  In so doing, it issued a directive: should he amend, he must cure these two deficiencies to pass muster under Rule 12(e).  Id.  Plaintiff's revised Complaint (which is technically the Second Amended Complaint) now alleges that on January 30, 2018, Hayman told a defamatory story "in phone conversations including in an email," and that those communications were made "to employees of State Farm."  Second Am. Compl., ¶ 30.

The voids that required amendment have thus been filled.  Johnson now alleges the "form of the statement," and the allegation reveals "at least generally to whom the statement was published."  Johnson, 2018 WL 4964504, at *3.  Although Plaintiff has by no means gone above and beyond what the Court requested — his amended pleading meets only the bare minimum of its directive —  nothing else was strictly necessary.

MetLife, nevertheless, asks for more.  Their renewed Motion for More Definite Statement hangs on one perceived deficiency: that Plaintiff references an email in his defamation count but does not quote from that document or attach it to his Amended Complaint.  See ECF No. 34 (Defendants' Motion) at 4.  Defendants thus ask the Court to order that Plaintiff "attach the email" before his claim can proceed.  Id. at 5.

Yet, Johnson has now sufficiently described the defamation, and MetLife does not contend that they "misunderst[and] the nature of the plaintiff's claims," which can serve as the proper basis for granting Rule 12(e) relief.  See Koch v. White, 2014 WL 1273427, at *1 (D.D.C. Mar. 31, 2014).  Rather, Defendants argue that they are "entitled" to additional information — namely, the email itself.  See Def. Mot. at 4–5.  Generally speaking, however, "the basis for requiring a more definite statement under Rule 12(e) is unintelligibility, not mere lack of detail."

5

Thorp, 309 F.R.D. at 90 (citation omitted). The Rule thus provides no entitlement to the information MetLife seeks. Quite the opposite, in fact. Time and again, courts in this district have noted that a Rule 12(e) motion is an improper vehicle for seeking evidence underlying a complaint's factual allegations: "To prevent Rule 12(e) from becoming a substitute for discovery, courts will generally deny a motion for a more definite statement where the information sought may be obtained in discovery." Hilska, 217 F.R.D. at 21 (citation omitted); see also Cheeks, 71 F. Supp. 3d at 168 (similar); Wilson, 269 F.R.D. at 12 (similar); Potts v. Howard Univ., 269 F.R.D. 40, 42 (D.D.C. 2010) (collecting cases). Information available in discovery — namely, the email underlying Plaintiff's claim — is precisely what MetLife seeks. Rule 12(e) is not the avenue. See Potts, 269 F.R.D. at 43 ("Rule 12(e) should not frustrate the 'liberality' of the notice pleading requirements.") (citation omitted). In any event, it is possible that Plaintiff generally knows the contents of the email but does not possess the actual document. A defamation claim could still proceed in this circumstance.

In a last effort, Defendants assert that the possible application of a privilege constitutes a reason to require a more detailed count now. "[T]here is high probability that one or more privileges" may apply to the alleged defamatory statements, they say, but they cannot know for certain without being aware of the "context of these communications." Def. Mot. at 5. Even if there may be situations in which a court may exercise its discretion to grant a Rule 12(e) motion to determine whether a privilege may bar a suit from proceeding, see, e.g., Crawford-El v. Britton, 523 U.S. 574, 597–98 (1998) (regarding qualified immunity); see also Verizon Washington, D.C., Inc. v. United States, 254 F. Supp. 3d 208, 219 (D.D.C. 2017) (regarding independent-contractor exception), this is not such a case.

6

Despite MetLife's broad assertion, they do not identify any specific privilege that might apply — much less any caselaw articulating the bases for such a privilege — or explain how it could be capable of barring the action from proceeding. Similarly, it is not at all clear from their Motion what additional "context" they would need before being able to assert a potential privilege. Johnson's revised Complaint lays out the basic contours of his claim. MetLife thus knows that the statements at issue were communicated by Hayman via phone and email to employees of State Farm regarding the accident that involved Johnson. Rule 12(e) does not require more. In fact, if there are discrete contexts that could plausibly result in the application of a privilege, the Rule requires that Defendants ask specifically for this detail. Rule 12(e)'s text requires that they must "point out the defects complained of and the details desired." Because MetLife has not satisfied this baseline requirement, its vague references to a privilege cannot carry the day.

Before moving on, one note bears mentioning. As discussed at today's status hearing on this matter, Plaintiff must ultimately show that he suffered <u>damages</u> attributable to Defendants' alleged defamation in order for his claim to prevail. The existence of such damages, at this point, is not clear to the Court.

### B. Civil Conspiracy

Although Johnson thus emerges victorious from this dispute's initial battle, Defendants get a second wind for the next. Here, MetLife moves once again to dismiss Plaintiff's claim for civil conspiracy. In this count — listed as Count VI in the Second Amended Complaint — Johnson alleges a broad conspiracy among all Defendants to defame him by "conspir[ing]" to "falsely accus[e] him wrongly of operating his vehicle," among other allegedly false misconduct. <u>See</u> Second Am. Compl., ¶ 44. In the District of Columbia, "[t]o establish a *prima facie* case of

civil conspiracy, [a plaintiff] ha[s] to prove (1) an agreement between two or more persons (2) to participate in an unlawful act, and (3) an injury caused by an unlawful overt act performed by one of the parties to the agreement pursuant to, and in furtherance of, the common scheme." McMullen v. Synchrony Bank, 164 F. Supp. 3d 77, 96–97 (D.D.C. 2016) (citations omitted).

Plaintiff's Complaint falters at the first step. "[C]onclusory allegations of an agreement do not suffice" to allege a civil-conspiracy claim capable of clearing Rule 12(b)(6)'s hurdle; rather, "parties must allege facts showing the existence or establishment of an agreement." Id. at 97 (quoting Busby v. Capital One, N.A., 932 F. Supp. 2d 114, 141 (D.D.C. 2013)) (emphasis added). As this Court has previously said, the "mere allegations that Defendants 'agreed among themselves,'" therefore, "will not defeat a motion to dismiss." Id. (citation omitted); see also Mattiaccio v. DHA Grp., Inc., 20 F. Supp. 3d 220, 230 (D.D.C. 2014) ("In pleading that a defendant entered into an agreement the plaintiff must set forth more than just conclusory allegations of [the] agreement to sustain a claim of conspiracy against a motion to dismiss.") (internal quotation marks and citation omitted); Busby v. Capital One, N.A., 772 F. Supp. 2d 268, 278 (D.D.C. 2011) (requiring "factual allegations . . . indicating the existence of an agreement").

Mere allegations of agreement, however, are all that Plaintiff offers here. Thrice Johnson alleges that Defendants "conspired" or "agreed" to defame him. See Second Am. Compl., ¶¶ 44–46. Never does Plaintiff offer any facts — as distinct from legal conclusions — to back up his claim of an agreement. He does not, for instance, put forth "any event, conversation, or document showing that there was an agreement." Geier v. Conway, Homer & Chin-Caplan, P.C., 983 F. Supp. 2d 22, 42–43 (D.D.C. 2013). And the Court, of course, need not "accept as true a legal conclusion," even if "couched as a factual allegation." Trudeau, 456 F.3d at 193 (citation

8

omitted); see also Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

The Court is hardly imposing some technical pleading rule here, as it is not even plausible to infer from the context of the allegations that the parties entered into any sort of agreement. See Lagayan v. Odeh, 199 F. Supp. 3d 21, 31 (D.D.C. 2016) (inferring existence of agreement from contextual facts). Accepting all of Plaintiff's factual allegations as true leads the Court only to the conclusion that both Grimeses and Hayman issued similar statements about Johnson's culpability. "Without more," however, "parallel conduct . . . does not suggest conspiracy." Trudel v. SunTrust Bank, 223 F. Supp. 3d 71, 94 (D.D.C. 2016) (quoting Twombly, 550 U.S. at 556–57). Said otherwise, the mere fact that Hayman uttered a story similar to that of the Defendants directly involved in the accident does not "nudge[]" Johnson's claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570. Without the factual pillars necessary to support its weight, Plaintiff's allegation of an agreement is too thin for his claim of conspiracy to proceed against these Defendants.

Johnson's only retort is to argue that he does not need to plead all the elements of a *prima facie* case to defeat a motion to dismiss. See ECF No. 38 (Pl. Opp.) at 9. The reach of the cases he cites for this proposition, however, are limited to the McDonnell-Douglas burden-shifting framework for discrimination and retaliation claims. See Gordon v. U.S. Capitol Police, 778 F.3d 158, 161 (D.C. Cir. 2015); Brown v. Sessoms, 774 F.3d 1016, 1023 (D.C. Cir. 2014). The reason for this pleading exception, simply, is that not every element of that *prima facie* case under the burden-shifting framework is necessary to obtain relief if the plaintiff has direct evidence of discrimination. See Gordon, 774 F.3d at 161–62 (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002)). Those cases do not do away with the general rule that a

"plaintiff must allege facts that, if true, would establish the elements of each claim." Magowan v. Lowery, 166 F. Supp. 3d 39, 69 (D.D.C. 2016) (internal quotation marks and citation omitted). Conspiracy claims do not incorporate any alternate burden-shifting framework; to obtain relief, a plaintiff must always establish each element of the tort. When a plaintiff thus fails (on a third attempt, no less) to set forth facts sufficient to allege an agreement that clears the general pleading hurdle, his claim must be dismissed. See McMullen, 164 F. Supp. 3d at 97; Mattiaccio, 20 F. Supp. 3d at 230; Busby, 772 F. Supp. 2d at 278.

## IV. Conclusion

For these reasons, the Court will deny Defendants' Motion for More Definite Statement and grant their partial Motion to Dismiss. A separate Order so stating will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: January 11, 2019